UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONTEZ MCQUITER,

        Plaintiff,

                                       Case No. 2:07-cv-100

v.                                      HON. GORDON J. QUIST

DAVE BURNETT, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Dontez McQuiter filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Special Activities Director Dave Burnett and Chaplain Gerald Riley. Plaintiff has filed two requests for a preliminary injunction, alleging that Defendants have improperly deprived him of receiving a Kosher diet in violation of his right to freely practice his religious beliefs.

        I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

        The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.      Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.      Whether the movant has shown irreparable injury.

3.      Whether the preliminary injunction could harm third parties.

4.      Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  *See also, Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that the Defendants have improperly deprived him of receiving a Kosher diet in violation of his right to freely practice his religious beliefs.  In response to Plaintiff's motions, Defendants state that Plaintiff was interviewed by Defendant Riley on September 18, 2006, at which time he did not demonstrate sufficient knowledge of Judaism to receive a Kosher meal plan.  Defendants offer a copy of the September 18, 2006 memo from Defendant Riley to Warden Bergh, in which Defendant Riley notes:

When asked why he needs a kosher meal he said it is observed by the faithful, in the very act of eating to sustain life.  He began to elaborate how it is showing reverence to life.  Observing the pain of animals and respecting life.  Much like the Buddhist understanding.

When asked what is kosher, he said; Rules to say can't eat fish with meat; dairy products with meat; dairy products eaten from approved kosher foods.  Can only eat meat of kosher animals.  Wash everything separate and wait three hours between eating dairy and meat.

He listed interesting facts of kosher foods, he never mentioned any Torah writing to indicate that kosher is required.  Some of his information is inaccurate, but most was common knowledge.

His understanding of Judaism is very different.  I asked him who Hassan is, he said God.  The 13 points he recited could be applied to numerous religions.  I understood his knowledge of Judaism is very limited.   I recommend denial of his request for his lack of understanding of Judaism and keeping kosher, plus his lack of requesting Jewish services, and lack of requesting kosher for about 7 months until he was classified to administrative segregation, demonstrates a lack of sincerity regarding his faith and its practices.

(*See* Exhibit 1 to Defendants' response to the motions for preliminary injunction.)

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  As noted by Defendants, Plaintiff showed only minimal knowledge of Judaism and had not even requested Jewish services.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief, as he has not shown adequate knowledge or commitment to the Jewish religion.  Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions for a preliminary injunction (docket #2 and #37) and motion for hearing (docket #54) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).

          /s/ Timothy P. Greeley
         TIMOTHY P. GREELEY
         UNITED STATES MAGISTRATE JUDGE

Dated:  February 25, 2008