UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DONTEZ MCQUITER,

        Plaintiff,

v.                                    Case No. 2:07-CV-100

DAVE BURNETT, et al.,              HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

        The Court has before it Plaintiff's Objections to the report and recommendation dated July 30, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment and dismiss the case in its entirety. The magistrate judge concluded that Defendants' motion should be denied on the issue of whether individuals may be liable in individual capacity claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") but that it should be granted on Plaintiff's official capacity claims against Defendants based upon Eleventh Amendment immunity. However, the magistrate judge concluded that Defendants are entitled to summary judgment in any event on the individual claims because Defendants articulated valid reasons justifying the refusal to provide Plaintiff a Kosher diet and they are entitled to qualified immunity.

        After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted with regard to the magistrate judge's recommendation for dismissal based the existence of valid reasons justifying the refusal to provide

Plaintiff a Kosher diet and qualified immunity. However, for reasons explained briefly below, the Court also concludes that Defendants are entitled to summary judgment on Plaintiff's individual capacity claims for the separate reason that RLUIPA was enacted pursuant to Congress' Article I Spending Power, which cannot be used to subject individual defendants to liability.

Plaintiff does not take issue in his objection with any of the magistrate judge's specific conclusions. His sole argument is that the magistrate should have granted his motion for leave to file an amended complaint. The magistrate judge denied Plaintiff's motion in an order entered on November 6, 2007. The magistrate judge denied the motion on the ground that Plaintiff failed to submit the proposed amended complaint. Thereafter, Plaintiff did not refile his motion for leave to amend to include his proposed amendment. Whatever Plaintiff's proposed amendment would have shown, the issue is moot because Plaintiff failed pursue the amendment.

As noted above, the magistrate judge concluded that RLUIPA authorizes individual capacity suits against individual defendants and Defendants are thus not entitled to summary judgment for that reason on Plaintiff's claims against them in their individual capacities. The Court disagrees with this conclusion based upon the reasoning of the Eleventh Circuit in *Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007). In *Smith* the court concluded that, despite the apparent scope of 42 U.S.C. § 2000cc-5(4)(A)(iii), RLUIPA does not create a private right of action against defendants in their individual capacities because RLUIPA was enacted pursuant to Congress' Article I Spending Power, and "the Spending Power cannot be used to subject individual defendants, such as state employees, to individual liability in a private cause of action." *Smith*, 502 F.3d at 1274. The Eleventh Circuit further observed that "section 3 of RLUIPA – a provision that derives from Congress' Spending Power – cannot be construed as creating a private action against individual defendants for monetary damages." *Id.* at 1275. The Court finds this reasoning persuasive. Therefore,

2

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 30, 2008 (docket no. 73) is **ADOPTED IN PART** as the Opinion of this Court. The Report and Recommendation is adopted with respect to the recommendation that Defendants are entitled to summary judgment on the grounds that valid reasons exist justifying the refusal to provide Plaintiff a Kosher diet and qualified immunity. The Court declines to adopt the Report and Recommendation regarding the conclusion that Plaintiff may assert individual capacity claims under RLUIPA.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 46) is **GRANTED**.

A separate judgment will issue. This case is **concluded**.


Dated: September 29, 2008                                              /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE